## HARRIS v. SOUTHERN LIFE & HEALTH INS. CO.
### No. 5419.

Court of Appeal of Louisiana. Second Circuit.

April 30, 1937.

Rehearing Denied June 1, 1937.

Bryan E. Bush, of Shreveport, for appellant.

M. C. Redmond, of Monroe, for appellee.

DREW, Judge.

Plaintiff sues as beneficiary under a policy of life insurance issued by defendant on the life of Jim Johnson in the sum of $207. The policy was issued on June 21, 1926, and it is· alleged that the insured died in Chicago, Ill., on February 1, 1936; that the policy of insurance was in full force and effect at the time of his death; that proof of death has been furnished defendant company and it has refused to pay. Plaintiff prays for judgment in the amount of the policy, with interest at the rate of 6 per cent. per year from February 1, 1936, until paid, and for costs.

Defendant in answer admits issuance of the policy; that plaintiff is named as beneficiary therein and that the policy was in full force and effect on February 1, 1936, the alleged date of the insured's death. It denies that Jim Johnson died on February 1, 1936, and denies it had any knowledge of his death.

Defendant further answered as follows:
"Further answering said petition your respondent shows that the insured gave his age at the time the policy was issued as 30 years of age; that plaintiff, the beneficiary herein, has filed claims for payment and proofs of death on a person by the name of Newman Johnson who died at the age of 52 years on or about the date shown in the petition; your respondent further shows that it specially denies that the said Newman Johnson and Jim Johnson were the same person and that it has not been furnished with proofs of death with Jim Johnson, as required by the policy contract. Therefore, under the terms of the contract your respondent is not liable in any amount until it has been furnished with satisfactory proof of death as therein required. Your respondent shows in the alternative and the alternative only that in the event it is found on the trial hereof that Newman Johnson was the Jim Johnson that your respondent insured, then in that event, it is liable only for the sum of $144.00, the amount of insurance that the premiums would have

bought if the correct age had been given of 42 years, as will more fully be shown by reference to the application for insurance and the insurance contract itself on a trial hereof."

On these issues the case went to trial below, resulting in judgment for plaintiff as prayed for. Defendant has perfected an appeal to this court.

The lower court rendered a written opinion in the case, which is as follows:

"The questions for the court to decide in this case are ones of fact, and are as follows:

"1. Was the insured 'Jim' Johnson and 'Newman' Johnson one and the same party?

"2. Is insured dead and has insurer been presented with suitable evidence of that fact?

"3. Discrepancy in insured's real age and age shown on the policy.

"4. Amount payable under the policy to the beneficiary, plaintiff herein.

"As to the first question—I believe it has been conclusively shown that 'Jim' and 'Newman' Johnson were one and the same person.

"As to the second question—since the court believes it has been proven that Jim Johnson and Newman Johnson were one and the same person, quite naturally defendant's admissions in his answer that it had received 'claims for payment and proofs of death' on a person by the name of Newman Johnson must be regarded as sufficient.

"As to the third question involved—while it is a fact that defendant developed on cross-examination some discrepancy in the age of the insured, his real age was not developed and even if defendant had developed insured's real age, he failed to offer any evidence whatever to aid the court in determining the amount recoverable for that age. Therefore, the court must assume that the full amount of the policy is the recoverable amount.

"And the last—the policy itself was offered in evidence. The policy has been in effect since 1926. No attack was made upon it at the trial and no objection made to its offering in evidence. The policy provides a death benefit of $207.00. Therefore that amount is recoverable.

"For the reasons given, let there be judgment in favor of the plaintiff as prayed for."

On the trial of the case plaintiff offered the testimony of numerous members of the family, all who testified that Jim Johnson and Newman Johnson were one and the same person. There was no testimony offered to rebut this. We are therefore convinced, as was the judge below, that Jim and Newman Johnson were one and the same person, in fact, it is clearly shown that the name of the insured was "Jim Newman Johnson" or "Newman Jim Johnson."

Under article 5 of defendant's answer, quoted above, defendant admitted it had received proof of death on a person by the name of "Newman Johnson." No attack was made as to the form or kind of proof made as to the death of Newman Johnson or as to the insufficiency of said proof. It therefore must be considered by us as sufficient proof of the death of Newman Johnson who has been shown by the evidence to be the same identical person as Jim Johnson. We therefore conclude that sufficient proof of death has been made.

Paragraph 7 of the policy of insurance is as follows: "The insured warrants that the age of the insured as stated in this policy is true and agrees that in the event the age stated herein is untrue the liability of the company hereunder will be limited to the amount of benefits payable according to the company's table at the true age."

The company's table was not filed in evidence nor was there any testimony to show what the table contained. In fact, defendant offered no testimony of any kind. We therefore fully agree with the lower court in its ruling on this defense, which is No. 3 in its opinion. It therefore follows that plaintiff is entitled to the full amount as set out in the policy.

The judgment of the lower court is correct and is affirmed.